IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>                Plaintiff,<br><br>v.<br><br>UTAH HIGHWAY PATROL; TRAVIS WILLIAMS; and JACOB COX,<br><br>                Defendants. | **REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 30)**<br><br>Case No.  2:14-cv-00583-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On August 19, 2014, Plaintiff Guy M. Domai filed a Complaint against Defendants Utah Highway Patrol ("UHP"), Trooper Jacob Cox, and Trooper Travis Williams (collectively the "Troopers") alleging malicious prosecution under 42 U.S.C. § 1983 in violation of his Fourth Amendment right against unreasonable seizure.  (Compl. 11, ECF No. 3.)  On December 15, 2015, UHP and the Troopers moved for summary judgment on the grounds that (1) Mr. Domai failed to establish a prima facie case of malicious prosecution, (2) qualified immunity protects Trooper Williams from suit, (3) the Eleventh Amendment protects UHP from suit, and (4) Trooper Cox had no involvement in Mr. Domai's arrest or prosecution.  (Mem. Supp. Defs.' Mot. for Summ. J. ("Mot.") 13-19, ECF No. 30.)  Having reviewed the Motion and the complete record in this matter,[1] the undersigned Magistrate Judge[2] RECOMMENDS the Court grant summary judgment for UHP and the Troopers.

---

[1] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the undersigned finds oral argument unnecessary and will make its recommendation on the basis of the parties' written memoranda.

1

**STANDARD OF REVIEW**

Courts shall grant a moving party summary judgment only if that party "demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  By failing to respond to the summary judgment motion in a timely manner, "the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Id.*  In such cases, "[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion.  But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment." *Id.*  Here, UHP and the Troopers filed their Motion for Summary Judgment on December 15, 2015.  (ECF No. 30.)  On January 7, 2016, Mr. Domai filed a Motion for Continuance to extend his time to respond to the Motion for Summary Judgment by one week.  (ECF No. 35.)  The Court granted that Motion and gave Mr. Domai until January 19, 2016 to respond to the Motion for Summary Judgment.  (ECF No. 36.)  The extended deadline came and went with no response.  Almost one month later, on February 16, 2016, Mr. Domai filed a Notice indicating his intention to file his "motion" that afternoon or the next morning.  (ECF No. 38.)  Mr. Domai has filed nothing since.  UHP and the Troopers filed a Request to Submit for Decision on May 16, 2016, (ECF No. 39), which is the latest filing in this case.  Because Mr. Domai failed to respond to UHP and the Troopers' Motion, Mr. Domai waives the right to contest the facts stated by UHP and the Troopers in their Motion.  Therefore, the Court should grant the Motion if these facts entitle UHP and the Troopers to judgment as a matter of law.

---

[2] On September 24, 2014, District Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)

**FACTUAL AND PROCEDURAL HISTORY**

On Thursday August 23, 2012, Mr. Domai went to the Student Center of the Salt Lake Community College Campus on Redwood Road. (*See* Mot. Ex. A at 2, ECF No. 30-1.) Mr. Domai had sat at the same location on Monday and Tuesday of that week as well. (*Id.*) Each day, Mr. Domai "went to the cafeteria and pulled two tables together in the corner" before stacking a number of items around him on the table. (Mot. Ex. B 26:17-29:1, ECF No. 30-2.) Mr. Domai arrived each day in a "red Chevy Aveo with California license plates." (*Id.* 33:5-8.) At one point on Monday or Tuesday Jason Beal, a campus employee, attempted to talk with Mr. Domai to ascertain what he was doing. (*Id.* 29:2-30:9.) On Thursday, Mr. Beal and another employee, Sandra Gates, reported Mr. Domai's behavior earlier in the week to UHP and informed UHP that Mr. Domai drove a red car with California license plates. (Mot. Ex. A at 2, ECF No. 30-1.) Sergeant Waters and Trooper Williams of UHP then met in the Student Center parking lot, located Mr. Domai's vehicle, ran the vehicle information through the National Crime Information Center ("NCIC") database, and discovered the NCIC listed the vehicle as stolen as of August 16, 2012. (*Id.*) The officers then had Mr. Beal and Ms. Gates fill out witness statements about the vehicle Mr. Domai had driven and identify the vehicle. (*Id.*)

Sergeant Waters, Lieutenant Willmore, and Trooper Williams proceeded to enter the Student Center and asked Mr. Domai to come outside to speak with them. (Mot. Ex. B 38:23-39:8, ECF No. 30-2.) Once outside, the officers asked Mr. Domai to point out his vehicle, and Mr. Domai identified the red Chevrolet Aveo. (*Id.* 39:9-14.) When the officers told Mr. Domai the NCIC database listed the vehicle as stolen, Mr. Domai "told [the officers] that he had rented the vehicle some time ago and was making his rental payments on it and did not know why it

3

would show as stolen." (Mot. Ex. A at 2, ECF No. 30-1.)  Mr. Domai did not dispute that the rental car company reported the vehicle as stolen.  (Mot. Ex. B 36:1-4, ECF No. 30-2.)

      The officers then asked Mr. Domai for a copy of the rental agreement, and Mr. Domai told them he left it in the glovebox.  (*Id.* 39:25-40:5.)  The officers did not find the rental agreement in the glovebox but instead in the trunk of the vehicle.  (*Id.* 40:24-41:19.)  The agreement indicated Mr. Domai rented the vehicle from Enterprise on May 24, 2012, and had a due date of May 25, 2012.  (*Id.* 41:20-42:1.)  Mr. Domai acknowledged the rental agreement lasted only one day but told the officers that he thought he could keep the vehicle longer as long as he continued paying the daily or weekly fees.  (*Id.* 42:2-18.)  Sergeant Waters then called dispatch and verified the vehicle's stolen status, while Lieutenant Willmore contacted the Salt Lake Police Department for further verification.  (Mot Ex. A at 2, ECF No. 30-1.)  Trooper Williams handcuffed Mr. Domai.  (Mot. Ex. B 41:17-19, 44:15-22, ECF No. 30-2.)  Lieutenant Willmore also contacted Enterprise and spoke with Brian Church, who indicated Enterprise reported the stolen vehicle and that Enterprise had not received payment for the vehicle's rental since July 14, 2012.  (Mot. Ex. A at 2, ECF No. 30-1.)  Mr. Church further indicated Enterprise wanted to proceed with stolen vehicle charges against Mr. Domai.  (*Id.*)

      The officers took Mr. Domai to the UHP office on the Redwood Road campus.  (Mot. Ex. B 47:1-8, ECF No. 30-2.)  Trooper Williams and Corporal Brooks escorted Mr. Domai to the interview room, where he talked with the officers about the vehicle and reaffirmed that although the rental agreement lasted for only one day, he had a verbal agreement with the rental car company that allowed him to keep the vehicle as long as he paid the daily or weekly rates listed on the agreement.  (*Id.* 47:1-48:8.)  Mr. Domai estimated he had paid Enterprise about $1,000 in total with a Chase bank card.  (*Id.* 51:8-10.)

The officers had Mr. Domai use the UHP computer to set up an online account to access his payment history.  (*Id.* 49:13-21.)  After Mr. Domai finished setting up his online Chase account, the officers verified that Mr. Domai had made payments to Enterprise totaling $1,238.13.  (*Id.* 51:6-10.)  However, Mr. Domai had not made a payment since July 11, 2012.  (*Id.* 54:15-20.)  Following the interview, the officers transported Mr. Domai to jail and booked him.  (Mot. Ex. A, at 3, ECF No. 30-1.)  Subsequent to the arrest, the rental car company confirmed Mr. Domai owed a balance of $595.54.  (*Id.*)  Mr. Domai's Chase bank card would not allow the rental car company to continue taking payments.  (Mot. Ex. B 76:15-77:1, ECF No. 30-2.)  After the State criminally charged Mr. Domai with theft of a rental vehicle, he paid the amount he owed to the rental car company.  (*Id.* 81:2-5, 84:16-85:1.)  The State subsequently dismissed the charge against Mr. Domai without prejudice.  (*Id.* 81:6-9.)

Mr. Domai admitted during his deposition that Trooper Jacob Cox had no involvement in his arrest or prosecution.  (*Id.* 6:3-6.)

## DISCUSSION

### I.     The Eleventh Amendment Bars Mr. Domai's Claim Against UHP.

UHP argues that the Court must dismiss it "from this matter, with prejudice, based on Eleventh Amendment sovereign immunity because it is an arm of the State of Utah."  (Mot. 18, ECF No. 30.)  The Eleventh Amendment operates as a jurisdictional bar to suits in federal court against a state and arms of the state that have not consented to suits of that specific kind.  *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (citing *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007)).  "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."  *Steadfast*, 507 F.3d at 1252 (citation omitted).  Mr. Domai

cannot sue Utah unless Utah voluntarily waives its sovereign immunity or the United States Congress validly abrogates its immunity through legislation.  See *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) (noting a state or U.S. Congress can waive or abrogate immunity in certain circumstances).  Section 1983 does not abrogate Utah's Eleventh Amendment immunity, *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1999), nor has Utah waived its immunity, Utah Code Ann. § 63G-7-201(4)(b).  Thus, Utah retains its immunity under the Eleventh Amendment.  Because UHP, or more specifically the Utah Department of Public Safety, constitutes an arm of the state of Utah, the undersigned RECOMMENDS the Court grant UHP summary judgment on the basis of its Eleventh Amendment immunity.  See *Schaefer v. Wilcock*, 676 F. Supp. 1092, 1098 (D. Utah 1987) (holding UHP "immune from any suit in federal court, whether based on § 1983 or on breach of any state law obligation").

**II.     Mr. Domai Fails to Meet the Elements of a § 1983 Malicious Prosecution Claim.**

Mr. Domai alleges UHP engaged in malicious prosecution in violation of his Fourth Amendment right against unreasonable seizures.  (Compl., ECF No. 3 at 11.)  To establish a prima facie case of malicious prosecution under 42 U.S.C. § 1983, a plaintiff must put forth evidence to show:  "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."  *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007)).  UHP and the Troopers argue that Mr. Domai's failure to assert evidence to meet the second, third, and fourth elements entitles them to summary judgment.  (Mot. 13-17, ECF No. 30.)

6

UHP and the Troopers argue Mr. Domai failed to show a lack of probable cause underlying his arrest.  (Mot. 14-16, ECF No. 30.)  "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."  *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (quoting *Jones v. City & Cty. of Denver*, 854 F.2d 1206, 1208-1210 (10th Cir. 1988)).  Courts have long upheld the trustworthiness of NCIC reports.  *See United States v. Hines*, 564 F.2d 925, 927 (10th Cir. 1977) (noting that information from NCIC database "has been routinely accepted in establishing probable cause for a valid arrest").  In fact, courts have held that reliance on an NCIC report of a stolen vehicle that matches the arrestee's vehicle satisfies the probable cause standard even if the report later turns out faulty.  *See, e.g., Miller v. City of Nichols Hills Police Dept.*, 42 F. App'x 212, 216 (10th Cir. 2002) (holding officer reasonably relied on faulty NCIC report without further investigation into the dispatcher's report) (unpublished).

Here, the undisputed facts indicate that Trooper Williams ran Mr. Domai's red Chevrolet Aveo through the NCIC database, which listed it as stolen.  (Mot. Ex. A at 2, ECF No. 30-1.) The officers then asked Mr. Domai to come outside and identify his vehicle, and Mr. Domai pointed to the red Chevrolet Aveo.  (Mot. Ex. B 38:23-39:14, ECF No. 30-2.)  Mr. Domai did not dispute the NCIC report but insisted he had a verbal agreement with the rental car company that allowed him to keep the vehicle for longer than the initial one-day rental as long as he kept making payments.  (*Id.* 42:2-18.)  After the officers verified the vehicle's stolen status with dispatch, the Salt Lake Police Department, and the rental car company, Trooper Williams arrested Mr. Domai.  (Mot. Ex. A at 2-3, ECF No. 30-1; Mot. Ex. B 41:17-19, 44:15-22, ECF No. 30-2.)  Under these facts, the officers had probable cause to arrest Mr. Domai.  Not only did the

officers reasonably rely on the NCIC report, they took additional steps to verify the vehicle's stolen status before arresting Mr. Domai. Thus, the undersigned RECOMMENDS the Court find Mr. Domai failed to satisfy the "no probable cause" element of a §1983 malicious prosecution claim.

UHP and the Troopers also argue Mr. Domai failed to show the officers acted with malice in arresting him. (Mot. 16-17, ECF No. 30.) A defendant acts with malice where the defendant's mistake or misconduct "[was] intentional, 'rather than out of negligence or inadvertence.'" *Novitsky*, 491 F.3d at 1258-59 (quoting *Taylor v. Meacham*, 82 F.3d 1556, 1563 (10th Cir. 1996)). In *Novitsky*, for example, the Tenth Circuit held the plaintiff failed to present sufficient evidence of malice where the plaintiff failed to show that an arresting officer made an intentional rather than negligent misstatement in his police report, where the officer later gave candid testimony during the plaintiff's trial and motion to suppress hearing. 491 F.3d at 1258-59. Similarly, Mr. Domai presents no evidence suggesting that the Troopers acted maliciously; on the contrary, the undisputed facts indicate the Troopers followed police procedure and arrested Mr. Domai only after verifying his vehicle's stolen status.

In fact, Mr. Domai does not even allege the Troopers acted with malice but cites *Gallo v. City of Philadelphia*, 161 F.3d 217 (3d Cir. 1998), for the proposition that a § 1983 claim alleging seizure without probable cause does not require proving malice. (Compl., ECF No. 3 at 15.) In *Gallo*, the Third Circuit discussed the implications of the Supreme Court's ruling in *Albright v. Oliver*, 510 U.S. 266 (1994), and concluded that a § 1983 malicious prosecution claim must show "some deprivation of liberty consistent with the concept of seizure," as opposed to mere prosecution without probable cause. *Gallo*, 161 F.3d at 222 (internal quotations omitted). In a footnote, the court further noted: "*Albright* also suggests that a plaintiff would not need to

prove all of the common law elements of [malicious prosecution] in order to recover in federal court.  For instance, if the harm alleged is a seizure lacking probable cause, it is unclear why a plaintiff would have to show that the police acted with malice." *Id.* at 222 n.6.  However, the Third Circuit's ruling in *Gallo* does not bind district courts in the Tenth Circuit.  The Tenth Circuit continues to apply all of the common law elements of malicious prosecution to § 1983 malicious prosecution claims.  See *Wilkins*, 528 F.3d at 799; *Novitsky*, 491 F.3d at 1258.  Therefore, the undersigned RECOMMENDS the Court apply the malice element and find Mr. Domai failed to show the Troopers acted with malice in arresting him.

Because Mr. Domai fails to present evidence to satisfy the "probable cause" and "malice" elements of a § 1983 malicious prosecution claim, the undersigned RECOMMENDS the Court grant UHP and the Troopers summary judgment.

### III.    Qualified Immunity Protects Trooper Williams From Suit.

Alternatively, Trooper Williams argues qualified immunity protects him from suit because "no reasonable officer would have known they were committing a constitutional violation by arresting Domai" after the officers confirmed the stolen status of Mr. Domai's rental car.  (Mot. 18, ECF No. 30.)  Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity operates as immunity from suit not simply a defense to liability. *Id.*  In determining whether the assertion of qualified immunity warrants summary judgment, a court must decide whether the evidence put forth by the plaintiff makes out a violation of a constitutional right. *Id.* at 232, 236.  The court must also decide whether the right at issue was "clearly established" at

the time of the defendant's alleged misconduct.  *Id.*  If the plaintiff's claim fails on either prong, qualified immunity will protect the defendant from suit.  *Id.* at 236, 237.  Here, because Mr. Domai fails to bring forth evidence to support the necessary elements of a § 1983 malicious prosecution claim, he fails to provide sufficient evidence of a violation of his Fourth Amendment rights to allow a fact finder to find in his favor.  Therefore, the undersigned alternatively RECOMMENDS the Court find qualified immunity protects Trooper Williams from suit.

### IV.     Trooper Cox Had No Involvement in Mr. Domai's Arrest or Prosecution.

Trooper Cox argues Mr. Domai admitted in his deposition that Trooper Cox had no actual involvement in his arrest or prosecution.  (Mot. 19, ECF No. 30.)  Mr. Domai does admit as much in his deposition.  (Mot. Ex. B 6:3-6, ECF No. 30-2.)  Accordingly, the undersigned RECOMMENDS alternatively that the Court grant summary judgment for Trooper Cox.

### RECOMMENDATION

Because the Eleventh Amendment protects UHP from suit, the undersigned RECOMMENDS the Court grant UHP's Motion for Summary Judgment.  As to the Troopers, the undersigned RECOMMENDS the Court grant the Motion because Mr. Domai failed to satisfy the "probable cause" and "malice" elements of a § 1983 malicious prosecution claim, qualified immunity protects Trooper Williams from suit, and Mr. Domai admitted Trooper Cox had no involvement in his arrest or prosecution.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 7th day of September, 2016.

                          BY THE COURT:

                          EVELYN J. FURSE
                          United States Magistrate Judge